UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NICHOLAS MASTROIANNI, II, | ) | Chapter 7 |
| Debtor | ) | Case No. 03-13239 |
| | ) | |
| J. CHRISTOPHER MARSHALL, | ) | |
| The United States Trustee, | ) | |
| Plaintiff | ) | |
| | ) | AP. 04- |
| v. | ) | |
| | ) | |
| NICHOLAS MASTROIANNI, II, | ) | |
| Defendant | ) | |

**COMPLAINT
TO DENY DISCHARGE**

NOW COMES the United States Trustee, by and through his duly authorized Assistant, who pursuant to 11 U.S.C. § 727 seeks a judgment and order from the Court denying the discharge of Nicholas Mastroianni, II (the "Defendant").

**INTRODUCTION**

The United States Trustee (the "UST") is seeking to bar the Defendant from receiving a discharge under 11 U.S.C. § 727(a)(3) for his failure to keep or preserve recorded information, including books, documents, records, and papers, from which his financial condition or business transactions might me ascertained, whereas his failure to do so was not justified under all of the circumstances of the case; under 11 U.S.C. § 727(a)(4)(A) for knowingly and fraudulently, in or in connection with the case making a false oath or account; and under 11 U.S.C. § 727(a)(5) due to the Defendant's inability to explain satisfactorily,

1

before determination of denial of discharge under this paragraph, the loss of assets or his deficiency of assets to meet his liabilities.

## JURISDICTION & PARTIES

1.  Jurisdiction over this adversary proceeding is predicated on 28 U.S.C. § 1334 and 157, Bankruptcy Rule 7001 and 11 U.S.C. §§ 105(a) and 727. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and (O).

2.  The Plaintiff is the United States Trustee.

3.  The Defendant reportedly resides in Jupiter, Florida.

## ALLEGATIONS

4.  On September 16, 2003 the Defendant filed an individual voluntary petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code. In support of his Petition, the Defendant attached a Statement of Financial Affairs and Schedules A through J ("Schedules").

5.  The Defendant declared under penalty of perjury that he read the Statement of Financial Affairs and his Schedules, and that they were true and correct to the best of his knowledge, information, and belief.

6.  The Court thereafter entered an order appointing Stacy B. Ferrara, as the Chapter 7 trustee.

7.  In his Schedules, the Defendant asserts that at the time of the filing, he owned no real property and that he had a total of $69,100 in personal property, including tax losses with an undetermined value.

8.  The Defendant also represented that at the time of the filing that he had a total of $177,060.97 in secured debt, consisting of two disputed claims by the IRS; $492,464.96 in unsecured priority debt, consisting of disputed claims by the U.S. Department of Labor, City of Warwick and IRS; and $1,885,450.73 in unsecured nonpriority debt, consisting of numerous creditors with disputed, contingent, liquidated and unliquidated claims.

9.  The Defendant further asserted that he is employed by Allied Capital & Development, LLC and earns gross wages of $8,666.60 per month. The Defendant also declared that he has $11,600.11 a month in expenses.

10. On October 7, 2003 the Chapter 7 trustee convened the meeting of creditors in this matter. The Defendant appeared at said meeting with counsel, and testified under oath.

11. At said meeting the Defendant testified that he paid rent to the owners of the property at Gilbert Stuart Drive in East Greenwich, Rhode Island. Schedule J of the Defendant's petition lists a monthly expense of $500 for "Rent in East Greenwich, RI".

## COUNT I
(11 U.S.C. § 727(a)(3) - Failure to Keep or Preserve Books or Records)

12. The UST hereby repeats and reasserts the allegations contained in the preceding 11 paragraphs, as if fully set out again herein.

13. On February 13, 2004, the Defendant appeared at a Rule 2004 Examination, and was asked to produce records from which his financial condition and business transactions could be ascertained.

14. Thereafter, on or about March 1, 2004 the Defendant was again asked to produce information regarding his financial condition. Specifically, the Defendant was asked for:

    a. Financial records which document the decrease in value of his IRA account from $175,000 in 1999 to $60,000 in 2003, and

    b. Bank statements and/or cancelled checks supporting Mr. Mastroianni's explanation for the loss of $224,000 in cash in four years. Specifically, checks he allegedly wrote to various businesses and people from his bank accounts.

15. In response to said request, the Defendant produced some documents, and asserted that he was having difficulty retrieving other documents because they were in the custody of 3rd parties, to wit: a state court receiver, the U.S. Department of Labor and financial institutions.

16. The documents provided by the Defendant were not sufficiently responsive to questions regarding his reported assets and liabilities.

17. The state court receiver has represented that the Defendant could have obtained any records in his custody by merely proffering a request.

18. The Defendant, without justification, has failed to keep or preserve recorded information, including books, documents, records, and papers, from which his financial condition or business transactions can be ascertained.

### COUNT II

(11 U.S.C. § 727(a)(5) - Failure to Satisfactorily Explain the Loss of Assets or Insolvency)

19. The UST hereby repeats and reasserts the allegations contained in the preceding 18 paragraphs, as if fully set out again herein.

20. During and after his Rule 2004 examination, the Defendant was asked to explain his loss and/or the deficiency of assets to meet his liabilities. Specifically, he was asked to explain the decline in value in his IRA accounts from $175,000 in 1999 to $60,000 in 2003 and his decline in cash from $224,000 in 1999 to $300 in 2003.

21. With regard to the decline in the value of his IRA, the defendant asserted market conditions with no supporting documentation.

22. With regard to the decline in cash, the defendant did provide general financial records, however neither the records nor his response supported or satisfactorily explained the loss of over $200,000 on cash.

23. The Defendant has failed to explain satisfactorily, before a determination of denial of discharge the loss of assets or deficiency of assets to meet his liabilities.

### COUNT III
(11 U.S.C. § 727(a)(4)(A) - False Oaths)

24. The UST hereby repeats and reasserts the allegations contained in the preceding 23 paragraphs, as if fully set out again herein.

25. The Defendant testified under oath at his meeting of creditors that he was currently paying rent to the owners 34 Gilbert Stuart Drive in East Greenwich, Rhode Island.

26. Schedule J of the Defendant's Petition includes a monthly expense of $500 for "Rent in East Greenwich, RI".

27. Kenneth and Lori Silvestri are reported to be the owners of the property located at 34 Gilbert Stuart Drive in East Greenwich, Rhode Island.

28. Kenneth Silvestri purportedly executed a sworn declaration stating that the Defendant does not pay rent to either he or Lori Silvestri. Said declaration is attached hereto as Exhibit A.

29. The $500 entry on Schedule J for rent expense in East Greenwich, RI was false.

30. The Defendant signed the declaration page of his Petition affirming the truth and correctness of his bankruptcy schedules knowing that they were not true and correct.

31. The Defendant's declaration had the same force and effect as an oath pursuant to 28 U.S.C. § 1746.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

    (a) Denying the Defendant a discharge pursuant to 11 U.S.C. § 727(a)(3); and/or

    (b) Denying the Defendant a discharge pursuant to 11 U.S.C. § 727(a)(4)(A); and/or

    (c) Denying the Defendant a discharge pursuant to 11 U.S.C. § 727(a)(5); and

    (d) Granting the UST such other and further relief as it deems meet and just.

Respectfully submitted,
J. CHRISTOPHER MARSHALL
United States Trustee

By: /s/ *Leonard J. De Pasquale*
Leonard J. De Pasquale,
Assistant United States Trustee

                                   U.S. Department of Justice
                                   10 Dorrance Street, Suite 910
                                   Providence, RI 02903
                                   Telephone  (401) 528-5551
                                   Facsimile   (401) 528-5163

Dated: <u>March 31, 2004</u>