UNITED STATES BANKRUPTCY COURT

DISTRICT OF RHODE ISLAND


In re:

**NICHOLAS MASTROIANNI, II,**                                    **Chapter 7**
**Debtor**                                                        **Case No. 03-13239**


**PHOEBE MORSE,**
**The United States Trustee,**
**Plaintiff**

v.                                                                **AP. 04-01007**

**NICHOLAS MASTROIANNI, II,**
**Defendant**


## CONSENT ORDER
## WAIVING DISCHARGE

NOW COMES the United States Trustee ("U.S. Trustee") and Nicholas Mastroianni, II, individually and by and through his attorney, Jason Monzack, Esq., (collectively the "Parties") who assert and aver that they have reached an accord resolving and settling the issues raised by the U.S. Trustee pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 727 (a)(3), (a)(4) & (a)(5).


Wherefore, the U.S. Trustee, by and through her duly authorized Assistant, and Nicholas Mastroianni, II, have set their hand to this consent order containing their acknowledgments and the terms of said accord, and they respectfully request the Court accept, approve and enter this consent order as a permanent order whereby Nicholas Mastroianni, II, waives a chapter 7 discharge of all debts he incurred up to and including the date the instant chapter 7 was filed, to wit: September 16, 2003.


### ACKNOWLEDGMENTS

A.      Nicholas Mastroianni, II, (the "Debtor") hereby acknowledges that he caused a chapter 7 bankruptcy petition to be filed on his behalf in the United States Bankruptcy Court for the District of Rhode Island on September 16, 2003. Said Petition was docketed as case number 03-13239; and

1

**In re: Nicholas Mastroianni, II.,**           **Case No.**     **03-13239**
CONSENT ORDER

B.      The Debtor acknowledges, *without making any admissions,* that the United States Trustee and the Debtor have agreed to conclude this case pursuant to 11 U.S.C. 727(a)(10); and

C.      The Debtor acknowledges that he has consulted with his attorney regarding the entry of the Consent Order; and

D.      The Debtor acknowledges his desire to resolve the matter without the need for further inquiry or litigation, and *without making any admissions,* he has chosen forever to waive his entitlement to a discharge for any and all debts he incurred as of and prior to September 16, 2003; and

E.      The Debtor acknowledges that his **attorney has thoroughly explained** the consequences that he will suffer if the Court approves the Debtor's written waiver of discharge, specifically, that he will remain liable for any and all of his debts as of the date his bankruptcy petition was filed, as **NONE of those debts will be discharged.**

**TERMS**

F.      The parties agree and respectfully request this Court enter a permanent order against Nicholas Mastroianni, II, forever barring and denying him a chapter 7 discharge, pursuant to 11 U.S.C. § 727(a)(10) as the Debtor hereby knowingly and voluntarily executes this consent order as a written waiver of discharge for those debts incurred up to and including September 16, 2003, including those listed on the Schedule E & F of his petition.

G.      Nicholas Mastroianni, II, further waives all right to appeal the entry of said order, and the denial of his bankruptcy discharge.

H.      The parties further agree that should the Court reject this stipulation for any reason, the parties shall be free to proceed litigating the merits of the case as they see fit.

I.      The Parties acknowledge and agree that this stipulation **contains the entire agreement** between the Parties. The Parties further acknowledge and agree that the United States Trustee has not made, and/or given any other representations, promises, inducements, or rewards, and/or given or promised to give any other consideration of any kind whatsoever to Nicholas Mastroianni, II, or anyone else on his behalf.

WHEREFORE, the parties respectfully request that this Consent Order be accepted, approved and entered as a permanent order in this case, and the bankruptcy discharge of Nicholas Mastroianni, II, be forever denied with regard to those debts incurred by him prior to and including September 16, 2003 as Nicholas Mastroianni hereby waives his discharge.

In re:  Nicholas Mastroianni, II

**CONSENT ORDER**

Case No. 03-13239

Respectfully submitted,
Nicholas Mastroianni, II

_____
Nicholas Mastroianni, II

Dated: 2/21/05

For Nicholas Mastroianni, II

_____
Jason D. Monzack, Esq., #1445
KIRSHENBAUM & KIRSHENBAUM
Attorneys at Law, Inc.
888 Reservoir Avenue
Cranston, RI 02910
(401) 946-3200 Phone
(401) 943-8097 Fax

Dated: 2/28/05

For The United States Trustee
PHOEBE MORSE,

_____
Assistant United States Trustee
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
(401) 528-5551 Phone

Dated: 3-2-05

_____
Hon. Arthur N. Votolato
United States Bankruptcy Judge

Dated: 3/3/05

Stipulation prepared by:
Leonard J. DePasquale
Assistant United States Trustee

J-04-1007-16
Entered on docket 3/3/05

3

# CERTIFICATE OF SERVICE

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

```
District/off: 0103-1        User: Cindy             Page 1 of 1           Date Rcvd: Mar 03, 2005
Case: 04-01007             Form ID: pdfdoc          Total Served: 6


The following entities were served by first class mail on Mar 05, 2005.
aty      +Jason D. Monzack,   Kirshenbaum & Kirshenbaum,   888 Reservoir Avenue,   Cranston, RI 02910-4498
aty      +Leonard J. DePasquale,   Office of The U. S. Trustee,   Room 910,   10 Dorrance Street,
          Providence, RI 02903-2018
ust      +Leonard DePasquale,   US Trustee's Office,   Room 910,   10 Dorrance Street,
          Providence, RI 02903-2018
ust      +Office U.S. Trustee,   Room 910,   10 Dorrance Street,   Providence, RI 02903-2018
dft      +Nicholas Mastroianni, II,   34 Gilbert Stuart Drive,   East Greenwich, RI 02818-2010
pla      +United States Trustee,   10 Dorrance Street,   Suite 910,   Providence, RI 02903-2018

The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 05, 2005**                              **Signature:**    _Joseph Speetjens_